JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Bustamante, | No. CV-21-02219-PHX-GMS |
| Plaintiff, | |
| v. | **ORDER** |
| Centurion health Care, et al., | |
| Defendants. | |

Plaintiff Jesus Bustamante, who was previously confined in the Maricopa County Lower Buckeye Jail,[1] brought this civil rights action under 42 U.S.C. § 1983 against Centurion Health Care, the former contracted health care provider for the Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR), Nurse Practitioner (NP) Pamela Olmstead, NP Daphnie Wischhusen, Nurse Veronica Renna, and Dr. Rodney Stewart (Centurion Defendants); and ADCRR Director Ryan Thornell. (Doc. 33.) Before the Court are Centurion Defendants' Motion for Summary Judgment (Doc. 135) and the Report and Recommendation (R&R) of Magistrate Judge Eileen S. Willett recommending that the Court dismiss this action without prejudice based on Plaintiff's failure to prosecute and failure to notify the Court of his change of address (Doc. 148).

The Court will adopt the R&R and dismiss the action without prejudice. The Court will deny Centurion Defendants' Motion for Summary Judgment as moot.

---

[1] Plaintiff has since been released from Maricopa County Sheriff's Office custody. (*See* Docs. 140, 143, 144.)

## I. Background

Plaintiff's claims arose during his confinement at the Arizona State Prison Complex (ASPC)-Eyman, Browning Unit, in Florence, Arizona. (Doc. 33 at 1.) In his First Amended Complaint, Plaintiff stated that he was diagnosed with hepatitis C in 2005 or 2006, and, upon his entry into ADCRR custody in 2021, he requested treatment for his hepatitis C. (*Id.* at 5–15.) Plaintiff alleged that Defendant Centurion had a policy of delaying, denying, or ordering ineffective alternative treatment for his serious medical needs, and that Defendants Olmstead, Wischhusen, Renna, and Stewart were deliberately indifferent to Plaintiff's serious medical needs. (*Id.*) The Court subsequently added ADCRR Director Thornell as a Defendant in his official capacity for purposes of injunctive relief. (Doc. 110.)

In December 2022, Plaintiff was transferred from ASPC-Eyman to the La Palma Correctional Center in Eloy, Arizona. (Doc. 85.) Local Rule of Civil Procedure 83.3(d) requires an unrepresented party to file a Notice of Change of Address if his address changes. Plaintiff was notified of this Local Rule in the Notice of Assignment and the initial Screening Order, and he was informed that failure to comply with this requirement may result in dismissal of his action. (Docs. 4, 6.) Plaintiff filed a Notice of Change of Address with his new La Palma Correctional Center address. (Doc. 85.)

On July 24, 2023, Plaintiff filed another Notice of Change of Address stating his new address was the Maricopa County Lower Buckeye Jail in Phoenix, Arizona. (Doc. 125.) Plaintiff filed a Certificate of Service indicating that he mailed a copy of his Notice of Change of Address to defense counsel. (*Id.* at 2; Doc. 126.)

On August 8, 2023, Plaintiff filed Notices of Discovery from his Lower Buckeye Jail address. (Docs. 128, 129.)

On August 12, 2023, Plaintiff again filed a Notice of Change of Address stating that his address was the Lower Buckeye Jail in Phoenix, Arizona. (Doc. 139.) Plaintiff noted that he was resubmitting the Notice to ensure that it was filed and that copies were sent to defense counsel on record. (*Id.*)

On August 18, 2023, Centurion Defendants filed a Motion for Leave to File Excess Pages for their Motion for Summary Judgment, and they lodged a copy of their Motion for Summary Judgment. (Docs. 131, 132.) The Certificates of Service included with both the Motion for Leave to File Excess Pages and the Motion for Summary Judgment indicate that Centurion Defendants mailed copies of both documents to Plaintiff at his prior La Palma Correctional Center address. (Doc. 131 at 2; Doc. 132 at 29.)

On August 21, 2023, the Court granted Centurion Defendants' Motion for Leave to File Excess Pages, and their Motion for Summary Judgment was docketed. (Docs. 134, 135.) A copy of the Order was mailed to Plaintiff at his Lower Buckeye Jail address. (Doc. 134, receipt.)

Also on August 21, 2023, the Court issued a *Rand* Order directing Plaintiff to file a response to Centurion Defendants' Motion for Summary Judgment and setting a briefing schedule on the Motion. (Doc. 136.) A copy of this Order was sent to Plaintiff at the Lower Buckeye Jail address. (*Id.*, receipt.)

On August 22, 2023, the Court issued an Order overruling Centurion Defendants' appeal of the Magistrate Judge's decision to direct Centurion Defendants to produce records to Plaintiff. (Doc. 137.)

On August 29, 2023, a Court Order that was sent to Plaintiff at the Lower Buckeye Jail was returned in the mail for the reason that Plaintiff was "no longer in custody." (Doc. 140.) On September 1, 2023, the *Rand* Order and the Order denying Centurion Defendants' appeal, which were both sent to Plaintiff at the Lower Buckeye Jail, were also returned in the mail for the reason that Plaintiff was "no longer in custody." (Doc. 143.)

Under General Order 14-10, if documents sent by the Court to an unrepresented party are returned to the Court twice, and no change of address has been filed, the Court will discontinue the mailing of subsequent documents to the unrepresented party. (General Order 14-20, May 20, 2014.) Accordingly, the Court discontinued sending documents to Plaintiff.

On September 15, 2023, the Court issued an Order to Show Cause directing Plaintiff to show cause why the Court should not dismiss Plaintiff's Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 145.) Pursuant to General Order 14-10, this Order was not mailed to Plaintiff, as he had not filed an updated address.

On October 5, 2023, Magistrate Judge Willett filed her R&R recommending that Plaintiff's Amended Complaint be dismissed without prejudice for Plaintiff's failure to file a notice of change of address and failure prosecute this case pursuant to Rule 41(b). (Doc. 148.) Pursuant to General Order 14-10, the R&R was not mailed to Plaintiff.

To date, Plaintiff has not filed a notice of change of address.

## II.     Report and Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc); accord Schmidt v. Johnstone,* 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[f]ollowing *Reyna-Tapia,* this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("[a] judge of the court shall make a de novo determination of those portions of the [R&R] to which objection is made").

Neither party filed objections to the Court's October 5, 2023 R&R. The Court is therefore not obligated to review the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must

1  determine de novo any part of the magistrate judge's disposition that has been properly
2  objected to").

3  Even so, the Court has reviewed Judge Willett's R&R. The R&R did not note that
4  Centurion Defendants' Motion for Summary Judgment was mailed to Plaintiff's prior
5  address and that, consequently, Plaintiff likely did not receive a copy of Defendants'
6  Motion. (Doc. 148.) But this does not change the R&R legal analysis or the factual basis
7  supporting the recommendation for dismissal. As set forth above, since August 2023,
8  numerous documents mailed from the Court to Plaintiff have been returned in the mail,
9  establishing that Plaintiff has failed to notify the Court of his change of address as required
10 under the Local Rules and as directed in prior Court Orders, and he has abandoned his case.
11 (*Id.* at 3.)

12 The Court therefore accepts and adopts the R&R. The action is dismissed without
13 prejudice for failure to prosecute and failure to comply with the Court's orders. *See Ferdik*
14 *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action
15 for failure to comply with any order of the Court).

16 **IT IS ORDERED:**

17 (1) The Report and Recommendation (Doc. 148) is **adopted**, and the action is
18 **dismissed without prejudice** for failure to prosecute and failure to comply with the
19 Court's orders.

20 (2) Centurion Defendants' Motion for Summary Judgment (Doc. 135) is **denied**
21 **as moot**.

22 (3) The Clerk of Court shall enter judgment accordingly and terminate the
23 action.

24 Dated this 15th day of November, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge